IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN MARK HAYDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 2:15-CV-469-WKW |
| ) | [WO] |
| ROBERT S. VANCE JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On January 25, 2016, the Magistrate Judge filed a Recommendation (Doc. # 4). On February 8, 2016, Plaintiff filed a timely Objection. (Doc. # 65.) On February 11, 2016, Plaintiff filed a Supplemental Objection. (Doc. # 66.) Defendants William Cashion, Western Steel, Inc. ("Western Steel"), and Merchants Commercial Bank filed a Response in Opposition to Plaintiff's Objection (Doc. # 67) to which Plaintiff filed a Reply (Doc. # 68). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objections are made, *see* 28 U.S.C. § 636(b), and concludes that the objections are due to be overruled. The Recommendation will be adopted, and the case will be referred back to the Magistrate Judge for further proceedings.

Plaintiff makes numerous objections to the Recommendation. Twelve objections are addressed in this opinion. Objections not addressed in the opinion

lack merit and warrant no additional discussion. The objections are addressed in turn.

Plaintiff first objects to the allegedly inadequate amount of time he was given to object to the Recommendation. (Doc. # 65, at 1–2.) He did not request additional time to object, however, and he filed a timely objection. He also filed a supplemental objection and a reply to Defendants' opposition. All of Plaintiff's objections have been considered by the court. This objection is without merit.

Plaintiff's second objection is that the Magistrate Judge's continued participation in the proceedings is manifest injustice and plain error. (Doc. # 65, at 2.) He asserts that the Magistrate Judge has not responded to his affidavit (Doc. # 60) and motion to recuse (Doc. # 62). The court has already addressed these matters by separate orders. (Docs. # 61, 63.) Plaintiff also asserts that he never consented to proceed before the Magistrate Judge. Pursuant to 28 U.S.C. § 636, a district judge may "designate a magistrate judge" to make determinations or recommendations about pretrial matters as appropriate. The section does not require consent of the parties for referral of pretrial matters. *See* 28 U.S.C. § 636(b). Therefore, this objection is without merit.

Plaintiff's third objection is that judicial immunity should not apply and the § 1983 claims for conspiracy should proceed against all Defendants. (Doc. # 65, at 2–10.) The Recommendation analyzes the § 1983 claims and immunity of

Defendants. (Doc. # 64, at 14–29.) Plaintiff does not raise new arguments or facts that change this analysis. This objection is without merit.

Plaintiff's fourth objection is that the court improperly raised quasi-judicial immunity without Defendants having raised it first and that it is solely an affirmative defense so that it does not apply. (Doc. # 65, at 10–12.) Defendants raised judicial immunity in their motion to dismiss. (Doc. # 24, at 2, 7–12.) Judicial immunity applies to all Defendants who brought the motion to dismiss except Defendant Anne-Marie Adams. "Absolute quasi-judicial immunity derives from absolute judicial immunity." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). It was not improper for the Magistrate Judge to analyze quasi-judicial immunity for Defendant Anne-Marie Adams when she raised judicial immunity. Plaintiff's objection to the grant of quasi-judicial immunity for Defendant Anne-Marie Adams is without merit.

Plaintiff's fifth objection is that it is plain error and manifest injustice to treat Defendants' exhibits as undisputed. (Doc. # 65, at 13.) Plaintiff challenges the authenticity of Defendants' exhibits and insists that because they are disputed, they should be stricken from the record. In the Recommendation, the Magistrate Judge explained the differences between a facial attack and a factual attack to the court's subject-matter jurisdiction. (Doc. # 64, at 7–9.)

In a 12(b)(1) facial attack, the court evaluates whether the plaintiff "has

3

sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A Rule 12(b)(1) factual attack, however, "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluation for itself the merits of jurisdictional claims." *Id.* "The district court has the power to dismiss for lack of subject-matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (internal quotation marks omitted)).

Defendants asserted that the court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine and attached the disputed exhibits in a factual attack on

the court's subject-matter jurisdiction.  (Doc. # 25, at 12–13.)  In his analysis of the *Rooker-Feldman* doctrine, the Magistrate Judge reviewed the disputed exhibits, and determined that they "clearly establish that Hayden has a lengthy history in the Alabama state courts on [the same precise issues that he presents in this case]."  (Doc. # 64, at 13.)  Based on this determination, he found that the court lacks subject-matter jurisdiction.  (Doc. # 64, at 14.)  The Magistrate Judge had the power to review and resolve the disputed factual issues in order to determine whether the court had subject-matter jurisdiction.  Therefore, this objection is without merit.

Plaintiff's sixth objection is that he is only proceeding for himself and not as a representative of the William B. Cashion Trust.  (Doc. # 65, at 15–16.)  The Recommendation addresses Plaintiff's representation of the trust due to a lack of clarity by Plaintiff, because although he claims he is only proceeding on his own behalf, he "repeatedly references his status as the trustee."  (Doc. # 64, at 11.)  Plaintiff's objection on the matter is similarly unclear because he asserts that his causes of action are only for himself and not the trust, but also asserts that he is protecting his rights as the trustee.  (Doc. #65, at 15–16.)  As the Recommendation states, to the extent he attempts to proceed as the trustee, he cannot proceed *pro se*.  To the extent that he is not trying to represent the trust, his claims are otherwise addressed by the Recommendation.  This objection is without merit.

5

Plaintiff's seventh objection is that the *Rooker-Feldman* doctrine does not apply because the state court was a "sham court" and therefore not a court of competent jurisdiction as required under *Rooker-Feldman*. (Doc. # 65, at 16–19.) Plaintiff makes essentially the same arguments that the Magistrate Judge considered and rejected. (Doc. # 64, at 11–14.) This objection is without merit.

Plaintiff's eighth objection is that Western Steel's motion to dismiss was unauthorized because he and his wife, Angela Hayden, are the president and secretary of Western Steel and did not authorize the filing of the motion. (Doc. # 65, at 20.) He also argues that the Magistrate Judge made Defendants' arguments for them. Defendants Western Steel, William B. Cashion, and Merchants Commercial Bank assert that Plaintiff failed to state a 42 U.S.C. § 1983 claim against them because they are not state actors. (Doc. # 25, at 11.) The Recommendation analyzes the issue and considers the tests under which private parties can be viewed as state actors, including the "State Compulsion Test," the "Public Function Test," and the "Nexus/Joint Action Test." (Doc. # 64, at 15–17.) Plaintiff objects to the use of the state compulsion test and the public function test. (Doc. # 65, at 21.) The court finds it unremarkable that Defendants did not present the exceptions under which they could have been found to be state actors. Plaintiff bears the burden to show that Defendants are state actors for § 1983 purposes. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting

*Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).  The Magistrate Judge did not err by analyzing the circumstances and situations under which Defendants could be state actors for the purposes of Plaintiff's § 1983 claim.  Plaintiff's objection does not make the argument that Defendants are state actors in this case, and, therefore, it is without merit.

Plaintiff also asserts that either he or his wife had to authorize Western Steel to file its motion to dismiss.  (Doc. # 65, at 20.)  The Magistrate Judge recommends dismissal of the claims against Western Steel because the court lacks jurisdiction over the claims based on the *Rooker-Feldman* doctrine.  (Doc. # 64, at 14.)  "[I]t is well settled that a federal court is obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999)).  The court has the authority to raise and review the matter *sua sponte*, even if Western Steel had not filed the motion to dismiss.  Plaintiff's objection is without merit.

Plaintiff's ninth objection is that *res judicata* does not apply.  (Doc. # 65, at 23–24.)  The Recommendation does not apply *res judicata* to the claims in this case.  This objection is without merit.

Plaintiff's tenth objection is that Defendants should not receive attorneys' fees because the Magistrate Judge did not make a finding that the action is frivolous,

unreasonable, or without foundation. (Doc. # 65, at 24 –25.) Because the Recommendation did not address attorneys' fees and attorneys' fees do not pertain to the merits of dismissal of this action, the court will not address this objection. The issue of attorneys' fees will be referred back to the Magistrate Judge for further proceedings.

Plaintiff's eleventh objection is that his motions for contempt (Docs. # 41, 53) and motion to amend (Doc. # 55) are unopposed and therefore should be granted. (Doc. # 65, at 28–29.) The court did not require Defendants to brief these motions because the motions to dismiss defeated the motions filed by Plaintiff. Therefore, this objection is without merit.

Plaintiff's twelfth objection is that the Magistrate Judge improperly raised the argument applying the *Younger* abstention doctrine. (Doc. # 65, at 29.) The Recommendation analyzed the *Younger* doctrine with respect to Plaintiff's motions for contempt. (Doc. # 64, at 25.) This analysis is jurisdictional, and pursuant to the Federal Rules of Civil Procedure Rule 12, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As discussed *supra,* the court has the authority to raise the matter of subject-matter jurisdiction *sua sponte*. Therefore, Plaintiff's objection to application of the *Younger* abstention doctrine is without merit.

Accordingly, it is ORDERED that:

(1) Plaintiff's Objections (Docs. # 65, 66, 68) are OVERRULED.

(2) The Recommendation is ADOPTED.

(3) Plaintiff's Motion to Amend (Doc. # 55) is DENIED.

(4) Defendants William B. Cashion, Western Steel Inc., and Merchants Commercial Bank's motions to dismiss (Docs. # 25, 42) are GRANTED.

(5) Defendants' Motion to Dismiss (Doc. # 24) is GRANTED in part and DENIED as moot in part.  The motion is GRANTED as to the claims against Defendants Anne-Marie Adams, Houston Brown, Scott Donaldson, James Allen Main, Terry A. Moore, Thomas Francis Parker, Craig Sorrell Pittman, Gregory Shaw, Lyn Stuart, Terri Willingham Thomas, William C. Thompson, Robert S. Vance, Jr., J. Scott Vowell, and Alisa Kelli Wise.  The motion is DENIED as moot for the claims against Roy Moore in his individual capacity because Plaintiff voluntarily dismissed the individual capacity claims.

(6) Defendant Roy Moore's Motion to Dismiss (Doc. # 50) the claims against him in his official capacity is GRANTED.

(7) Defendant Joyce Vance's Motion to Dismiss (Doc. # 35) is GRANTED and her alternative Motion for Summary Judgment is DENIED as moot.

(8) The Motion to Dismiss (Doc. # 37) filed by the United States and the U.S. Department of Justice is GRANTED.

(9) The federal claims in the original and amended complaints (Docs. # 1, 33) are DISMISSED with prejudice.

(10) The court declines supplemental jurisdiction over the state law claims and the state law claims are DISMISSED without prejudice.

(11) Plaintiff's remaining motions (Docs. # 1, 32, 41, 48, 53) are DENIED.

(12) This matter is REFERRED back to the Magistrate Judge for a determination regarding attorneys' fees.

A separate final judgment will be entered.

DONE this 14th day of March, 2016.

                                              /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE