IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN MARK HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-469-WKW |
| | ) | [WO] |
| ROBERT S. VANCE JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is Plaintiff's Motion to Reconsider or Amend.   (Doc. # 72.)
On March 14, 2016, the court entered an order adopting the Recommendation of the
Magistrate Judge and dismissing Plaintiff's claims and contemporaneously entered
a final judgment.   (Docs. # 69, 70.)   Plaintiff's motion does not identify the order
that he seeks to have reconsidered nor does it elucidate a rule or statute under which
he is entitled to relief.   However, because his arguments challenge the court's order
and judgment and because the motion was filed within twenty-eight days of the entry
of final judgment, the court construes it as a motion to alter or amend the judgment
pursuant to Federal Rule of Civil Procedure Rule 59(e).   *See Lavespere v. Niagra*
*Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (explaining that the
Federal Rules do not recognize a "motion for reconsideration" but that "a motion so
denominated, provided that it challenges the prior judgment on the merits, will be
treated as . . . a motion 'to alter or amend" under Rule 59(e) . . . [i]f the motion is

served within [twenty-eight] days of the rendition of judgment") *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

Plaintiff also filed a Notice of Appeal on March 21, 2016.   (Doc. # 74.)   A timely motion under Rule 59 tolls the prescribed time for appeal under Rule 73(a). *Turner v. HMH Publishing Co.*, 328 F.2d 136, 137 (5th Cir. 1964).[1]   Plaintiff's filing of a motion to amend the judgment is inconsistent with the subsequent filing of a notice of appeal; that inconsistent action preserved jurisdiction with this court. *See id.* at 137–138; *see also U.S. v. Crescent Amusement Co.*, 323 U.S. 173, 177 (1944) (noting that a notice of appeal is premature when there is a pending motion to amend the judgment).   Accordingly, the court has jurisdiction to determine Plaintiff's motion to amend judgment.

The court reviewed Plaintiff's motion to amend the judgment and finds that he makes essentially the same arguments the court considered and rejected when reviewing his Objections to the Recommendation.   Plaintiff may not use a Rule 59(e) motion to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."   *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).   "The only grounds

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999).   Because Plaintiff does not allege either of these grounds, his arguments lack merit.

Accordingly, it is ORDERED Plaintiff's Motion to Reconsider or Amend (Doc. # 72) is DENIED.

DONE this 6th day of April, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE