IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN MARK HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-cv-469-WKW |
| | ) | |
| ROBERT S. VANCE, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), the petition for attorney's fees (Doc. 77, filed 3/24/16) was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. The motion is briefed, fully submitted, and ripe for review. In addition, also pending before the Court are (a) Plaintiff's Motion for Lawyer Discipline and FRCP Rule 35 Exam (Doc. 86, filed 4/25/16) and (b) Plaintiff's Motion to Strike, Motion to Void Judgment under Rule 60(b), and Motion for Sanctions (Doc. 102, filed 6/21/16).

For good cause shown and as further discussed below, the Magistrate Judge recommends that the petition for attorney's fees (Doc. 77) be **GRANTED in part** and **DENIED in part**, the Motion for Lawyer Discipline and FRCP Rule 35 Exam (Doc. 86) be **DENIED**, and the Motion to Strike, Motion to Void Judgment under Rule 60(b), and Motion for Sanctions (Doc. 102) be **DENIED**.

### I. BACKGROUND

On March 14, 2016, the district judge adopted the Report and Recommendation and dismissed the federal claims with prejudice and the state law claims without prejudice. *See*

Docs. 64, 69, 70. The district judge referred back to the undersigned a determination regarding attorneys' fees. *See* Doc. 69. On March 15, 2016, the undersigned entered a scheduling order on any motions for attorneys' fees. *See* Doc. 71. Defendants William B. Cashion, Merchants Commercial Bank, and Western Steel Inc. (all represented by Maynard Cooper & Gale PC) timely filed their motion and supporting attachments. Hayden timely responded in opposition, but indicated he had not received the exhibits. *See* Doc. 80. The issues regarding the sealing of exhibits and ensuring Hayden had all relevant documents was resolved by the district judge. *See* Docs. 79, 82, 83, 85, 88, 89, and 92. Hayden filed his supplemental opposition to the motion for attorneys' fees on May 31, 2016. *See* Doc. 96. The motion is now fully briefed and ripe for review. The Court finds no need for oral argument on the matter.

Defendants William B. Cashion, Merchants Commercial Bank, and Western Steel Inc. (collectively "Defendants") request a total of $34,485.56 for fees and costs. *See* Doc. at p. 3. They assert attorney's fees are merited under both the Alabama Litigation and Accountability Act, Ala. Code § 12-19-270 and the court's inherent authority to impose attorneys' fees and sanctions.

Plaintiff opposes the award of attorney's fees and argues that the Alabama Code is inapplicable as the state law claims were dismissed without prejudice. He also asserts the lack of findings of bad faith in the report and recommendation precludes the award of attorneys' fees and the fees requested are unreasonable. Plaintiff next argues Defense counsel had a conflict of interest and therefore could not represent the Defendants. Finally, Plaintiff argues the fees were unreasonable and Defendant Cashion is incompetent should not be punished with redundant fees.

## II. DISCUSSION AND ANALYSIS

A.    **Whether Attorney's Fees Are Appropriate**

Defendants assert attorney's fees are appropriate under both the Alabama Litigation and Accountability Act and the court's inherent authority to impose attorneys' fees. *See* Doc. 77 generally. The Act states:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part;
>
> …
>
> The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or any part thereof, or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including but not limited to abuses of discovery procedures available under the Alabama Rules of Civil Procedure;
>
> …
>
> No party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorneys' fees unless the court finds that the party clearly knew or reasonably should have known that his action, claim or defense or any part thereof was without substantial justification.

ALA. CODE § 12-19-272(a), (c), (e). Moreover, the phrase "without substantial justification" means "that such action, claim, defense or appeal (including any motion) is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court." ALA. CODE § 12-19-271(1).

Defendants cite three cases indicating the Alabama Litigation and Accountability Act is

applicable to federal courts. However, those cases are easily distinguishable from the situation at hand. Plaintiff aptly notes that only the federal claims resulted in a dismissal with prejudice and with regard to the state law claims, the court declined supplemental jurisdiction and dismissed them without prejudice. The two federal cases cited by Defendants (*Ledkins v. Welch*, Civ. Act. 00-0167, 2000 U.S. Dist. LEXIS 11267, 2000 WL 1135490 (S.D. Ala. July 13, 2000) and *Dapremont v. Overcash, Walker & Co., P.C.*, Civ. Act. No. 99-0353, 2000 U.S. Dist. LEXIS 15228, 2000 WL 1566532 (S.D. Ala. Oct. 4, 2000)) were both cases involving diversity jurisdiction where <u>all</u> claims were resolved in favor of the Defendants on summary judgment. As the state law claims were not actually resolved in favor of the Defendants in the case at bar, the Alabama Litigation and Accountability Act is not applicable and Defendants' cannot recover attorneys' fees as they relate to the state law claims. Thus, the Court looks to its inherent authority.

Courts have the inherent power to impose sanctions when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). The bad faith standard is an objective one. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010); *see also Reyes v. Aqua Life Corp.*, 632 Fed. Appx. 552, 557 (11th Cir. 2015) (citing *Norelus* in context of inherent power to impose sanctions). However, the Supreme Court has also warned that "because of their very potency, inherent

powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44, 111 S. Ct. at 2132.

The Court also notes the federal claims in this action were brought pursuant to 42 U.S.C. § 1983. "The Court is authorized under 42 U.S.C. § 1988 to award reasonable attorney's fees to the prevailing party in cases arising under civil rights laws, including 42 U.S.C. § 1983." *Jaraysi v. City of Marietta*, 15 F.Supp.3d 1375, 1381 (N.D. Ga. 2014). "Section 1988 is most often applied to award attorney's fees to the prevailing plaintiff in civil rights litigation, recognizing that the prevailing plaintiff has served as a private attorney general, vindicating a policy that congress considered of the highest priority." *Id*. (quoting *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402, 88 S. Ct. 964, 19 L. Ed. 2d 1263 (1968) (per curiam)). However, when the prevailing party is the defendant the equitable considerations at stake are different. *Id*. Weighing these considerations, the United States Supreme Court held that a district court may only award attorney's fees to a prevailing defendant in a civil rights action upon finding that the plaintiff's civil rights claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978); *see also Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 2213, 180 L.Ed.2d 45 (2011) (citing *Christiansburg* and stating same). Finally, "[a] federal civil rights claim that is dismissed as barred by the doctrine of res judicata is not necessarily a frivolous claim for purposes of § 1988." *Jaraysi*, 15 F.Supp.3d at 1382 (citations omitted).

Thus, to award Defendants' attorney's fees, the Court must find that Plaintiff's § 1983 claims were frivolous, unreasonable, or groundless. Hayden argues that attorney's fees are not permitted because the Court did not make that finding in its prior Report and Recommendation

or Opinion adopting it. *See* Docs. 80, 96. However, the Court may make that finding at any point in the process. If this had been Plaintiff's first challenge, the Court would be loath to make such a finding. It is obvious from Hayden's multiple filings, a review of the state court docket, and the prior case filed in the Northern District of Alabama that Plaintiff simply will not accept the state court judgment and keeps court shopping in the vain hope to find someone who will agree with him. Federal court jurisdiction does not work in such a fashion. Enough is enough. This Court finds Plaintiff's filings have crossed the line into the realm of frivolous, malicious, and unreasonable. Thus, attorney's fees under § 1988 and the Court's inherent powers are appropriate.

The Court is not persuaded by Plaintiff's arguments that Defendant Cashion is demented and/or incompetent. Further, while Plaintiff may challenge what fees are ultimately assessed against him, he has no standing to challenge the fee arrangement between Cashion and his lawyers. Finally, Plaintiff also has no standing to challenge any conflict waiver agreed upon between Cashion and his attorneys.

B. **Reasonable Attorney's Fees & Costs**

As the Court has determined the Defendants are entitled to attorney's fees and costs, the Court turns to whether the $34,485.56 sought by Defendants is reasonable and appropriate under the circumstances. In evaluating a request for attorneys' fees, the Court applies the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The "lodestar" is found by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Neptune Designs*, 469 F.3d at 1359. The fee applicant bears the burden of "establishing entitlement and

documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To satisfy this burden, the fee applicant shall supply to the court: (1) specific and detailed evidence from which it can determine the reasonable hourly rate for the community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

After determining the lodestar, the court then addresses whether the award should be adjusted upwards or downwards. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66, 106 S. Ct. 3088, 3098-99, 92 L. Ed. 2d 439 (1986); *Neptune Designs*, 469 F.3d at 1359. In conducting this inquiry, the court is guided by the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *See also Hensley*, 461 U.S. at 429-30, 103 S. Ct. at 1937-38 (endorsing the *Johnson* factors). These twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3, 103 S. Ct. at 1937 n. 3; *Johnson*, 488 F.2d at 717-19. Finally, when awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Defense counsel seeks the following fee award:

| Attorney/Paralegal | Years Experience | Hours | Rate[2] | Total |
|---|---|---|---|---|
| James L. Goyer, III (Shareholder/Attorney) | 36 | 15 | $520.00 | $7800.00 |
| | | 3.9 | $535.00 | $2086.50 |
| James P. Naftel, II (Shareholder/Attorney) | 17 | 1 | $380.00 | $380.00 |
| John D. Bethay, III (Shareholder/Attorney) | 8 | 1.5 | $295.00 | $442.50 |
| Star T. Drum (Associate/Attorney) | 6 | 57.3 | $250.00 | $14325.00 |
| | | 13.5 | $270.00 | $3645.00 |
| Lynn Evans (Paralegal) | unknown | 6.5 | $185.00 | $1202.50 |
| Diane Averitt (Paralegal) | unknown | 1.3 | $190.00 | $247.00 |
| **Total** | | | | **$30128.50**[3] |

    **i.**     **Reasonable hourly rates**

Defense counsel seeks $250.00 - $535.00 per hour for the rates of their counsel (ranging based on years of practice and experience) and $185.00-$190.00 per hour for paralegal time. Plaintiff opposes the imposition of attorney's fees and costs, but spends little time on the actual rates being claimed by the different attorneys. In his original response, Plaintiff notes "Hayden is denied opportunity to question hourly rate because he has not been given the hourly rate." *See* Doc. 80. However, that was subsequently remedied. *See* Docs. 88, 89, 92. In his supplemental

---

[2]     For persons who billed hours in both 2015 and 2016, the first row relates to 2015 and the second row pertains to 2016.

[3]     The Court was unable to reconcile the numbers requested as compared to the bills. In Mr. Goyer's affidavit, he asserts the invoices involving representing Defendants total $28,488.56 which includes a 10% discount of the fees actually billed. Whether the error is on the part of the Defendants or the Court matters not in this particular case as the amount sought by Defendants' is less than the total found by the court. However, for the purposes of the analysis, the Court will use the numbers it found in light of the later discussion on reduction of hours, rate, and overall assessed amount.

response, Hayden does not specifically address the rates being charged, but generally opposes the imposition of fees, the lack of division according to claim, and generalized ethical arguments against Defense counsel.  Regardless, the Court still has an obligation to review the specified rates to ensure they are appropriate.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.3d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S. Ct. 1541, 1547 n. 11, 79 L. Ed. 2d 891 (1984).  The Court has reviewed the evidentiary submissions of the Defendants with regard to the appropriate rate and considered the arguments made both by Plaintiff and Defendants.

Defendant submitted an affidavit from Mr. Goyer – the senior shareholder assigned to the case.  In his affidavit, he concludes and opines the rates of $250.00 - $535.00 are appropriate for the respective experience of each attorney and the local area.  Despite Plaintiff's generalized contention that attorneys' fees are unreasonable, the court does find that this is *some* evidence for the Court's consideration.  Nonetheless, the Court is not wholly persuaded by the affidavit as it is essentially conclusory in nature.  Although opinion testimony can satisfy the plaintiff's burden to prove reasonable hourly rates, "where there is a lack of documentation, a district court may make an independent judgment based on its own experience and knowledge concerning the rates charges by lawyers of similar skill in similar lawsuits in the same market area." *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1254 (M.D. Ala. 2000) (DeMent, J.).

"In the Middle District of Alabama, skilled lawyers with twenty years or more experience may expect to receive $300 an hour, lawyers with ten years or more experience may receive between $200 and $250 an hour, and associates may expect to receive $150-185 an hour.  In the

Middle District of Alabama, paralegals may expect to receive between $50 and $85 an hour." *Weekes-Walker v. Macon County Greyhound Park, Inc.*, 31 F.Supp.3d 1354, 1360 (M.D. Ala. 2014) (Fuller, J.) (citations omitted); *see also Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008) (Watkins, J.); *Simpleville Music v. Mizell*, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007) (Thompson, J.); *Gaylor v. Comal Credit Union*, Civ. Act. No. 2:10-cv-725-MHT, 2012 U.S. Dis. LEXIS 75972, 2012 WL 1987183 (M.D. Ala. 2012) (Thompson, J.) (using same fee structure).

While findings of other courts with regard to attorney's fees (even those within this same district) are not binding, the undersigned does find, in the Court's experience, the above statement regarding rates to be essentially accurate within this district with some adjustments for inflation over time. When looking to the rates requested by Defense counsel, the Court does find that they merit some reduction. The preliminary question is: what constitutes the "relevant legal community" for purposes of determining the prevailing market rate? "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *ACLU v. Barnes*, 168 F.3d 423, 437(11th Cir. 1999) (citing *Cullens v. Georgia Department of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994)). As this case was filed in the Middle District of Alabama – Northern Division, the Court finds that is the relevant market for this case. The rates requested by counsel are not entirely in line with the rates generally requested in the Middle District of Alabama. The rates requested by counsel are more in line with the rates appropriate for the Northern District of Alabama. As such, the Court adjusts the rates as follows:

| Attorney/Paralegal | Years Experience | Hours[4] | Rate[5] | Total |
|---|---|---|---|---|
| James L. Goyer, III (Shareholder/Attorney) | 36 | 15 | $400.00 | $6000.00 |
|  |  | 3.9 | $400.00 | $1560.00 |
| James P. Naftel, II (Shareholder/Attorney) | 17 | 1 | $300.00 | $300.00 |
| John D. Bethay, III (Shareholder/Attorney) | 8 | 1.5 | $225.00 | $337.50 |
| Star T. Drum (Associate/Attorney) | 6 | 57.3 | $200.00 | $11460.00 |
|  |  | 13.5 | $200.00 | $2700.00 |
| Lynn Evans (Paralegal) | unknown | 6.5 | $95.00 | $617.50 |
| Diane Averitt (Paralegal) | unknown | 1.3 | $95.00 | $123.50 |
| **Total** |  |  |  | **$23098.50** |

### ii. Reasonable hours

Having determined the reasonably hourly rates for the services provided in the case, the Court now must address the number of hours reasonably expended on the matter. Plaintiff argues that the submitted fees are duplicative and also should be reduced for the state law claims which were dismissed without prejudice as the Court declined supplemental jurisdiction over those claims. With regard to the state law claims, the Court agrees. *See, e.g. Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (In calculating this, the court should exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims). The Court has carefully reviewed all of counsel's billing summaries and the billing entries are not divided by claim[6] and there appears to be some duplication of effort between three shareholders and one associate. Although "there is nothing inherently

---

[4] For persons who billed hours in both 2015 and 2016, the first row relates to 2015 and the second row pertains to 2016.

[5] *Id*.

[6] The Court notes that it is not normally expected that counsel would or should divide billing entries by specific claims. However, in this case, as the Court does find it appropriate to reduce the fees as they pertain to the state law claims, the Court finds it a challenge given the non-claim specific entries.

unreasonable about a client having multiple attorneys," *Barnes*, 168 F.3d at 432 (quoting *Norman*, 836 F.2d at 1302), courts should exclude hours performed by two attorneys that are unnecessary and redundant. *See Duckworth*, 97 F.3d at 1397-98 (reducing the hours of each attorney where both attorneys attended all depositions). "To recover for tasks performed by more than one attorney, the burden is on the fee applicant to show that the time spent by each attorney 'reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple lawyer litigation.'" *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1291 (M.D. Fla. 2000) (quoting *Barnes*, 168 F.3d at 432) (internal modifications omitted). There are places in their bills where Defendants did not carry that burden.

Hayden asserted state law claims for civil conspiracy, negligence, and interference with contractual relations. However, despite the need for reduction, the Court also finds that Plaintiff has taken a scorched earth approach to this litigation including making allegations against counsel of record in his attempts to make them Defendants in the case. His persistent filing of frivolous and unnecessary motions and pleadings resulted in more hours than normally needed to defend such an action.

Therefore, after a careful review of the itemized bills, considering the state law claims, and multiple attorneys assigned to the case, the rates and hours are further adjusted to reflect the following:

| Attorney/Paralegal | Years Experience | Hours[7] | Rate[8] | Total |
|---|---|---|---|---|
| James L. Goyer, III (Shareholder/Attorney) | 36 | 13.2 | $400.00 | $5280.00 |
|  |  | 2.5 | $400.00 | $1000.00 |
| James P. Naftel, II (Shareholder/Attorney) | 17 | 0 | $300.00 | $0.00 |
| John D. Bethay, III (Shareholder/Attorney) | 8 | 0.70 | $225.00 | $157.50 |
| Star T. Drum (Associate/Attorney) | 6 | 42.3 | $200.00 | $8460.00 |
|  |  | 6.9 | $200.00 | $1380.00 |
| Lynn Evans (Paralegal) | unknown | 5.1 | $95.00 | $484.50 |
| Diane Averitt (Paralegal) | Unknown | 1.3 | $95.00 | $123.50 |
| **Total** |  |  |  | **$16885.50** |

      iii.    **Adjustment to Lodestar Amount**

Computation of the lodestar amount does not necessarily terminate the fee analysis. After determining the lodestar amount, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. The Court generally uses the *Johnson* factors in determining whether an increase or decrease is appropriate. Defendants generally prevailed and Plaintiff's had the propensity for taking a "scorched earth" approach. However, as the Court is utilizing its inherent authority to impose attorney's fees as a sanction, the Court does find that a further reduction is appropriate especially in light of Plaintiff's *pro se* status. The amount of attorney's fees after the rate/time deduction and removing court costs is currently $16,885.50. The Court reduces the amount further to $15,000.00.

      iv.    **Defense of Attorneys**

Defense attorneys also seek $5,997.00 in defense of their attorneys based on various filings of Plaintiff. *See* Doc. 77, Ex. 1 at p. 6-7. These pertain solely to fees incurred as of the

---

[7]    *Supra* Note 4

[8]    *Supra* Note 4

filing of the motion for attorneys' fees on March 24, 2016.[9]  However, as noted in this Court's previous opinion, the attorneys as defendants were all voluntarily dismissed by Plaintiff.  *See* Docs. 49, 64, 69.  As such, no finding was made as to the claims against the defendants.  Thus, the Court shall not award fees as to the Amended Complaints of which Hayden voluntarily disposed.  *See EEOC v. Pet, Inc.*, 543 F. Supp. 911 (M.D. Ala. 1982) (holding that a voluntary dismissal in part made an award of fees to the defendant inappropriate); *see also Jaraysi*, 15 F.Supp.3d at 1382 (citing *Pet, Inc.*).  Thus, even though the Court finds Hayden's tactics to be frivolous, unreasonable, and groundless, the $5,997.00 are impermissible through this proceeding.

**C.   Costs and Expenses**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs…should be allowed to the prevailing party." However, "[f]ee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs." *Lee v. Krystal Co.*, 918 F.Supp.2d 1261, 1275 (S.D. Ala. 2013) (quoting *Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 645 (D. Md. 2012)).  "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983).  To determine which expenses may properly be included, the court must look to "the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted." *Id*.  When reviewing costs and expenses, "the standard for reasonableness is to be given a liberal interpretation." *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987).  That said,

---

[9]   Fees brought by motions filed after March 24, 2016 shall be addressed later in Section III.

"fee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs." *Lee*, 918 F.Supp.2d at 1275 (quoting *Andrade v. Aerotek, Inc.*, 852 F. Supp.2d 637, 645 (D. Md. 2012)).

Defendants seek an award of costs and expenses in the amount of $1179.24 ($456.86 for 2015, $722.38 for 2016) which are broken down as follows: copying, online court records, document scan to file, long distance telephone, PACER fees, and computer research. As discussed above, routine office overhead is not a proper expense to impose on an opposing party. Further, several descriptions are inadequate for the court to determine they are anything <u>other than</u> routine office expenses. For example, the Court finds PACER and online research expenses (i.e. Lexis) are not compensable. The listed PACER charges are not explained in any meaningful way and further appears invalid given that this District allows litigants a "free look" at all filings in their case when first docketed. *See, e.g. Lee*, 918 F.Supp.2d at 1275. Next, a number of entries pertain to "document scan to file." This vague description gives the appearance of absorbing fees as they relate to basic scanning of documents into a client case file. While perhaps an appropriate client expense (if that is part of their contract), it is not an expense the Court will pass on to the Plaintiff. Further, to the extent it may pertain to filings in the case, those documents are already PDF documents when accessed through PACER. As such, there would be no need to scan those pleadings to the file. Finally, with regard to "computer research," with no further detail the Court can only conclude this is an attempt to make an expense of an item typically considered firm overhead. *See id.*; *Wolff v. Royal Am. Mgmt.*, Civ. Act. No. 11-351, 2012 U.S. Dist. LEXIS 153297, *31, 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012) (Nelson, MJ) (affirmed by *Wolff v. Royal Am. Mgmt.*, 545 Fed. Appx. 791 (11th Cir. 2013)).

As such, the Court does not find the items below as compensable:

| Date (Month) | Description | Amount |
|---|---|---|
| July 2015 | Online Court Records | $41.00 |
| July 2015 | Document Scan to File | $1.20 |
| August 2015 | Online Court Records | $5.00 |
| August 2015 | Document Scan to File | $61.10 |
| August 2015 | Outside Services Paid to Pacer Service Center | $5.00 |
| September 2015 | Copy Charges (not itemized between federal and state cases – thus, Court has split into two halves) | $75.00 |
| September 2015 | Online Court Records | $41.00 |
| September 2015 | Document Scan to File | $101.90 |
| September 2015 | Outside Services paid to Pacer Service Center | $2.70 |
| October 2015 | Outside Services paid to Pacer Service Center | $0.70 |
| October 2015 | Outside Services paid to Pacer Service Center | $36.30 |
| November 2015 bill (though late October billing) | Outside Services paid to Pacer Service Center | $4.50 |
| November 2015 bill (though late October billing) | Outside Services paid to Pacer Service Center | $6.30 |
| January 2016 | Document Scan to File | $0.30 |
| February 2016 | Computer Research | $690.00 |
| February 2016 bill (though dated 11/1/15) | Lexis Nexis Courtlink | $2.48 |
| February 2016 bill (though dated 11/1/15) | Lexis Nexis Courtlink | $0.94 |
| February 2016 (though dated 12/1/15) | Lexis Nexis Courtlink | $2.47 |
| February 2016 bill (though dated 12/1/15) | Lexis Nexis Courtlink | $0.67 |
| February 2016 | Lexis Nexis Courtlink | $2.44 |
| February 2016 | Lexis Nexis Courtlink | $0.48 |
| February 2016 | Outside Services paid to Pacer Service Center | $21.70 |
| | **Total disallowed** | **$1103.18** |

Based on the above, the Court finds that expenses in the amount of $76.06 are appropriate and strikes the remaining $1103.18 in expenses requested.

### III.   ADDITIONAL MOTIONS

Since the original dismissal, Hayden has continued to file frivolous motions in an attempt to re-litigate matters already settled by this and other courts. *See* Docs. 86, 102. Hayden asserts Defendant Cashion is incompetent and requests a Rule 35 exam. However, all these issues were litigated before the state court judge who rejected these arguments. Further, nothing presented by Hayden presents new or different evidence than what this Court has already seen and rejected. The Court takes judicial notice that the August 20, 2013 Judgment by Judge Vance squarely addresses the issues of competency as well as whom is the proper representative of the Merchants Commercial Bank and Western Steel, Inc.[10] *See* Doc. 42, Ex. 1. The Court takes additional judicial notice that the state court case has continued ongoing contempt proceedings and a warrant has been issued for Plaintiff and Angela Hayden's arrest based on their recent filings. To the extent Plaintiff seeks intervention in the prior state court proceedings, this Court is jurisdictionally barred by the *Rooker-Feldman* doctrine on past determinations and further refrains to intervene in the contempt proceedings pursuant to the *Younger* abstention doctrine.

Hayden alleges that the Defense lawyers have acted improperly by (a) not properly mailing attachments to his address, (b) filing motions and briefs on behalf of Cashion (whom Plaintiff declares is incompetent), and (c) filing motions and briefs on behalf of Western Steel, Inc. and Merchants Commercial Bank. *See* Docs. 86, 102. The Court rejects all three contentions. First, with regard to the improper mailings, to the extent the exhibits were not initially received, the Court remedied the defect with its May 16, 2016 order directing Defendants' to re-send the exhibits. *See* Doc. 88. Further, a notice filed by Defendants indicated

---

[10] The undersigned previously detailed this case in the prior Report and Recommendation (Doc. 64).

compliance (Doc. 89-90) and a notice filed by Plaintiff showed he received the documents. The Court declines to find malfeasance on the part of Defense counsel in the initial mailing issue. Further, Plaintiff ultimately experienced no harm as he received the full exhibit and it was unsealed.

Next with regard to counsel representing Western Steel, Inc. and Merchants Commercial Bank. The Alabama state courts resolved who properly owns and manages these two entities. The Court clearly found Mr. Cashion to be fully coherent, that the Haydens fraudulently transferred assets belonging to Mr. Cashion, and ultimately set aside all the fraudulent transfers to return Mr. Cashion's assets (including his interests in Western Steel, Inc. and Merchants Commercial Bank). Plaintiff's "evidence" he attaches to the Motion to Strike, Motion to Void Judgment, and Motion for Sanctions seemingly consists of the same evidence the Alabama state court voided and set aside.[11] The evidence before this Court does not support a reversal of the prior dismissal. Rather, the motion for lawyer discipline, motion to strike, motion to void judgment under Rule 60b, and motion for sanctions all merit denial.

### IV. WARNING TO PLAINTIFF HAYDEN

Though the Court ultimately marked down the fees and costs requested by the Defense, Plaintiff Steven Mark Hayden should take heed. His *pro se* status will not excuse him from more severe sanctions in the future. This is now the second federal lawsuit he has brought with regard to these matters. *See also William B. Cashion Nevada Spendthrift Trust, Steven Mark Hayden v. Robert Vance, Jr.*, 552 Fed. Appx. 884 (11th Cir. 2014); *William B. Cashion Nevada Spendthrift Trust v. Vance*, Civ. Act. 2:13-cv-286-SLB, 2013 U.S. Dist. 84967, 2013 WL 3151918 (N.D.

---

[11] While this Court does not have the actual evidence presented in the state court case, the August 20, 2013 opinion describes in great detail the evidence before it. The dates and description of this evidence match with Plaintiff's exhibits attached to Doc. 102. The other remaining evidence consists of Angela Hayden's self-serving affidavit. Given the Alabama State Court already determined her to be part of the civil conspiracy to deprive Cashion of his assets, the Court views it with extreme skepticism.

Ala. 2013). Plaintiff is now put on notice that continued pursuit of these matters in federal court may and will likely result in more significant sanctions in the future.

## V. CONCLUSION

Based on the analysis above, it is the **RECOMMENDATION** of the Magistrate Judge that the petition for attorney's fees (Doc. 77) be **GRANTED in part** and **DENIED in part**. The motion should be granted to the extent the undersigned finds the following amounts reasonable:

| Fees/Expenses | Total |
|---|---|
| Attorney's Fees | $15,000.00 |
| Costs/Expenses | $76.06 |
| **Total** | **$15,076.06** |

To the extent, the Defendants seek attorneys' fees and expenses beyond those approved amounts, the undersigned recommends the motion be denied.

The Magistrate Judge also recommends Plaintiff's Motion for Lawyer Discipline and FRCP Rule 35 Exam (Doc. 86), the Motion to Strike, Motion to Void Judgment under Rule 60(b), and Motion for Sanctions (Doc. 102) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 13, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court

of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 28th day of June, 2016.

                                           /s/ Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES MAGISTRATE JUDGE